IN THE UNITED STATES DISTRICT COURT
FOR THE __EASTERN__ DISTRICT OF TEXAS
__Tyler__ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

__JESSE MENDEZ  TDCJ No. 1560882__
Plaintiff's name and ID Number

__ESTELLE UNIT - TDCJ - C.I.D.__
Place of Confinement

CASE NO: __6:12cv873__
(Clerk will assign the number)

v.

__CHARLES D. MARSHALL, Lieutenant__
Defendant's name and address            __TDCJ - C.I.D.__

__MICHAEL UNIT, 2664 F.M. 2054__
Defendant's name and address

__Tennessee Colony, TX. 75886__
Defendant's name and address
(DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

**I. PREVIOUS LAWSUITS:**

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?       _____ YES   __X__ NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: _____

2. Parties to previous lawsuit:
   Plaintiff(s): _____

   Defendant(s): _____

3. Court (If federal, name the district; if state, name the county) _____

4. Docket Number: _____

5. Name of judge to whom case was assigned: _____

6. Disposition: (Was the case dismissed, appealed, still pending?)
   _____

7. Approximate date of disposition: _____

**II. PLACE OF PRESENT CONFINEMENT:** Estelle Unit - TDCJ - C.I.D. 264 F.M. 3478 Huntsville TX. 77320-332

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? __X__ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: JESSE MENDEZ, TDCJ No. 1560882 Estelle Unit, 264 F.M. 3478, Huntsville, TX 77320-3320

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: CHARLES D. MARSHALL, Lieutenant-TDCJ-CID Michael Unit, 2664 F.M. 2054, Tennessee Colony Texas, 75886

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you. Wrote and filed a disciplinary case, based on fabricated facts on me in retaliation for exercising my First Amendment U.S. constitutional right to file grievance and to complain to him as a prison official about my problems with my new cell-mate, which Lt. Marshall's action violated my First Amendment U.S. constitutional right.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Lieutenant Charles D. Marshall wrote and filed a disciplinary case offense report, based on fabricated facts on me in retaliation for exercising my First Amendment U.S. Constitutional right to file a grievance and to complain to him as a prison official that I was threatened with physical harm by my new cell-mate and that my life and safety were, (see please further facts that support my claim below on pages (4a - 4f).

## VI. RELIEF:
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

I respectfully request this court order twenty-five thousand dollars ($25,000) in punitive damages and one-hundred dollars ($100.00) nominal damages in his individual and official capacities.

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

JESSE HERNANDEZ and Reynaldo Martinez

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

TDCJ No. 671000

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___ YES  X NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): _____
2. Case Number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ___ YES ___ NO

FACTS SUPPORTING COMPLAINT CONTINUED FROM PAGE 4
___

in danger of physical harm, and that I was requesting to be moved from my assigned cell for my safety. His actions resulted in a violation of my constitutional rights under the First Amendment to the U.S. Constitution.

On 6-26-2012, at about 5:00 P.M., in front of 3 and 4 chow hall of the Michael unit-TDCJ-CID., I complained to Lieutenant Charles O. Marshall that at 3 building, C-Pod, 72 cell, I had been threatened with physical harm by my new cellmate, offender Johnny Adkins, who was black and a gangmember, when he, offender Johnny Adkins aggressively got in my face in a threatening manner, and said that he was family, which he implied that he was a gangmember, that this was his cell, that he ran the cell, and that if I snitched on him that he and his family would "beat my ass" anywhere I went on the unit or in the system. I also complained to Lt. Charles O. Marshall that my life and safety were

(PAGE 4a)

FACTS SUPPORTING COMPLAINT CONTINUED FROM PAGE 4
---

in danger of physical harm because of my new cellmate, offender Johnny Adkins, and that I was requesting to be moved away from my cell and pod at 3 building, C-Pod, 72 cell for my safety.

    Lt. Charles O. Marshall stated that he could not do anything and move me because it was to late and he was already going home. I insisted to him that I could not go back to my pod and cell because I was threatened with physical harm and I would be assaulted by my new cellmate, offender Johnny Adkins. Lt. Charles O. Marshall then stated that I was "fucking him over" and threatened me, also stating that I would be paying for this and that I would be getting a disciplinary case. He then told officer Lakeshia R. Valintine to escort me to one building and place me in a holding cell at which

(PAGE 4b)

FACTS SUPPORTING COMPLAINT CONTINUED FROM PAGE 4
---

Lt. Charles O. Marshall held me in this holding cell all night from about 5:30 P.M that evening of 6-26-2012 until the next morning at about 8:00 A.M. before taking me to eleven building Pre-hearing detention, cell No.1, which officer Kristen M. Brooks and Sargent Murray A. Funderburg were witnesses to this act of Lt. Charles O. Marshall.

    Lt. Charles O. Marshall did follow through with his threat to write a disciplinary case against me that he based on fabricated facts to retaliate against me for exercising my First Amendment U.S. Constitutional right to file a grievance and to complain to him as a prison official about my problems with my new cell-mate. Lt. Charles O. Marshall in his disciplinary case offense report against me, he cited rule violation charge Level 2 Code 24.2

(PAGE 4c)

FACTS SUPPORTING COMPLAINT CONTINUED FROM PAGE 4

offense,"Refuse to accept housing assignment". Lt. Charles D. Marshall stated in his disciplinary offense report that I had allegedly refused to accept housing assignment at 3C-72 cell because I had allegedly stated "I will not live with black cellmates" which his allegations were grossly fabricated and could be demonstrated from my Michael unit, TDCJ-C.I.D., housing record on file that Lt. Charles D. Marshall fabricated these allegations in his disciplinary offense report against me because in my housing record at Michael unit it will clearly show that before my new cellmate, offender Johnny Adkins, was moved into the cell with me at 3 building, C-Pod, 72 cell on 6-26-2012 and before he threatened to assault me, I was housed with a black cell-mate, offender Anwar Prosper in that same cell at 3 building, C-Pod, 72 cell, (3C-72 cell) for at

(PAGE 4d)

FACTS SUPPORTING COMPLAINT CONTINUED FROM PAGE 4

least 30 days, if not more.

The disciplinary case, offense report, Case No. 20120294756, that was written by Lt. Charles D. Marshall and based on fabricated facts to retaliate against me for exercising my First Amendment constitutional right to file a grievance and to complain to him as a prison official about my problems with my new cellmate, was accepted and graded as a major disciplinary case, rule violation charge by Major Jody C. Hefner without a proper investigation into the facts of the case. On 6-28-2012, I was found guilty and convicted in the abovestated disciplinary case, rule violation charge by Captain Jason M. Gould who presided over the disciplinary hearing on 6-28-2012, and as a result, I suffered a punishment of 45

(PAGE 4e)

FACTS SUPPORTING COMPLAINT CONTINUED FROM PAGE 4

days commissary and cell restriction, 90 days suspension of contact visits, and I was demoted in my good time and work time earning class status from an S3 to Line 1.

The abovestated facts of Lt. Charles O. Marshalls conduct and actions in writing and filing a disciplinary case offense report, that was based on fabricated facts, on me in retaliation for exercising my First Amendment U.S. Constitutional right to file a grievance and to complain to him as a prison official about the threatening problems and my safety risks by my new cellmate, can show that he acted willfully, reckless, maliciously, with evil intent and motive towards me and can also demonstrate reckless and callous indifference toward my constitutional rights under the First and Eighth Amendments of the U.S. Constitution.

(PAGE 4f)

  C. Has any court ever warned or notified you that sanctions could be imposed? ___ YES ___ NO

  D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning were imposed: _____

Executed on: __11-7-12__
                (Date)

JESSE MENDEZ
(Printed Name)

_(signature)_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this __7th__ day of __November__, 20__12__.
           (Day)            (Month)              (Year)

original copy:
us District clerk

cc: Jesse Mendez

JESSE MENDEZ
(Printed Name)

_(signature)_
(Signature of Plaintiff)

**WARNING:** The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.

ATC 1983 (Rev. 04/06)                Page 5 of 5



**Texas Department of Criminal Justice**

## STEP 2

G1-312

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2012 194 102 |
| UGI Recd Date: | AUG 21 2012 |
| HQ Recd Date: | AUG 24 2012 |
| Date Due: | 9-25 |
| Grievance Code: | 014, 410 |
| Investigator ID#: | 1297 |
| Extension Date: | |

Offender Name: JESSE MENDEZ   TDCJ# 1560882
Unit: Estelle   Housing Assignment: D2-309T
Unit where incident occurred: (MICHAEL UNIT)
submitted via US mail at Estelle unit on 8-17-2012.

SEP 25 2012

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I am appealing the decision of the Step 1 response No. 2012194102 because the Wardens response is erroneous. I appeal for the following reasons:

The warden claims that his records indicate that I have previously submitted a Step 1 grievance regarding this issue, Grievance # 2012191999 and 2012191996. This is incorrect. Those abovestated grievances do not directly assert my claim that Lt. Charles O. Marshall violated my constitutional rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution when Lt. Charles O. Marshall retaliated against me by filing a disciplinary case, case No. 20120294756, against me that was based on fabricated facts after I had complained to him on 6-26-2012 that I was threatened with physical harm by my new cellmate, offender Johnny Adkins, at 3C-72 cell and I was requesting to be moved for my safety. Lt. Charles O. Marshall stated that he could not do nothing to move me right now because it was too late and he was already going home. I insisted that I could not go back to 3C-72 cell because I would be assaulted by my new cellmate offender Johnny Adkins. Then Lt. Charles O. Marshall stated that I was "fucking him

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

CC: Central Grievance office, mailed out 8-17-2012
CC: JESSE MENDEZ                        Huntsville TX.

Appendix G

over", that I would be paying for this and threatened me with a disciplinary case which he followed through with. Lt. Charles O. Marshall's conduct was unethical and inappropriate, violation of Rule 22b, TDCJ-PD 22 General Rules of Conduct and Disciplinary Action Guidelines for Employees. I request a de novo review of my Step 1 grievance attached. I request $25,000 Punitive damages and $100.00 nominal damages taken the value of todays dollar.

**Offender Signature:** _[signature]_ **Date:** 8-17-12

**Grievance Response:**

An investigation has been conducted by the Region 2 Grievance Office. Region 2 stated the following:
In reviewing your grievance, you indicated you were threatened by your ex-cellie. An Offender Protection Investigation was conducted and the Michael Unit classification Committee recommended a unit transfer. Your issue was reviewed, investigated and answered appropriately. An investigation has been conducted by the Central Grievance Office. According to records; Disciplinary case #20120294756 was overturned. No further action is warranted by this office.-d-jw

**Signature Authority:** _Linda Richey_ L. Richey **Date:** SEP 18 2012

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)         Appendix G

JESSE MENDEZ, TDCJ No. 1560882
Estelle Unit
264 F.M. 3478
Huntsville, TX.
77320-3320

Legal Mail

CLERK U.S. DISTRICT COURT
RECEIVED
NOV 13 2012
EASTERN DIST. OF TEXAS

U.S. Federal District Clerk
U.S. Federal District Court
Eastern District - Tyler Division
211 W. Ferguson, Ste. 106
Tyler, TX. 75702

